UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ANTHONY WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>MOKE, et al.,<br><br>　　　　　　　　　Defendants. | Case No. C20-5459-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **October 2, 2020** |

This matter comes before the Court on *pro se* plaintiff James Anthony Williams' filing of a motion to "waive requirement for certified prison trust statement" (Dkt. 6), application to proceed *in forma pauperis* (Dkt. 7), proposed 42 U.S.C. § 1983 civil rights complaint (Dkt. 1-1) and proposed amended complaint (Dkt. 7-1). Upon review of the IFP application, proposed complaint and proposed amended complaint, the Court concludes that plaintiff's IFP application (Dkt. 7) should be denied and he should be directed to pay the filing fee as he has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. The Court further recommends that the motion to "waive requirement for certified prison trust statement" (Dkt. 6) be denied as moot.

## DISCUSSION

Plaintiff is a Washington State prisoner currently incarcerated at the Washington Corrections Center ("WCC"). Dkts. 1-1, 7. In his proposed amended complaint, plaintiff

REPORT AND RECOMMENDATION - 1

alleges that during a two-week period in July and August 2018 defendants turned off his drinking water for substantial periods of time in retaliation for plaintiff smearing feces and flooding his cell causing him to become severely dehydrated and to self-mutilate. *Id.* He claims this incident was precipitated by another defendant refusing to prescribe him a "mental health therapy food snack" during this period, causing him to flood his cell and smear feces. *Id.* He claims another medical provider defendant also refused to prescribe him a snack or to intervene when he informed her his water had been shut off. *Id.* He also alleges that DOC discontinued his stimulant therapy for ADHD in 2005 and that if he had been receiving this stimulant therapy in 2018 when he was cutting himself and smearing feces, he would not have exhibited that behavior when his water was shut off. *Id.*

Plaintiff alleges various other defendants have violated his right to petition the government and to due process by failing to provide him with or explain the location of his 14 legal boxes which were supposed to be transferred to his current facility. *Id.* He claims this is interfering with his ability to prosecute those actions. *Id.* He claims the law librarian is also refusing to provide him with certain legal supplies and assistance or to assist him in e-filing his documents. *Id.* He also claims Sergeant Underbert violated his rights by failing to file his original complaint in this case on or about May 10, 2020.[1]

As relief plaintiff requests monetary damages, to be released from the Intensive Management Unit (IMU), that his three medical snacks a day (which he says he received from March 2020 to June 2020 at WCC) again be reinstated, that his stimulant

---

[1] The Court notes that plaintiff's original proposed complaint was in fact filed in this case on May 14, 2020. Dkt. 1-1.

REPORT AND RECOMMENDATION - 2

1  therapy which he received in 2005 be reinstated, and that his legal boxes be returned.
2  Dkt. 7-1.
3         On April 5, 2019, the Honorable Michelle L. Peterson entered a Report and
4  Recommendation finding Plaintiff had incurred three strikes and recommending
5  plaintiff's application to proceed IFP be denied. *See Williams v. Sinclair*, Case No. 2:19-
6  cv-345-JCC (W.D. Wash., April 5, 2019). Concurring with Judge Peterson, the
7  undersigned finds the following cases, which were filed while plaintiff was incarcerated
8  and dismissed for failure to state a claim prior to plaintiff initiating this lawsuit, constitute
9  strikes: *Williams v. Portine*, Case No. 2:11-cv-1214-JCC (W.D. Wash.); *Williams v.*
10 *Neely*, Case. No. 2:15-cv-489-BJR (W.D. Wash.); and *Williams v. Collins*, Case No.
11 2:15-cv-735-MJP (W.D. Wash.).[2] The Court also finds plaintiff initiated at least three
12 cases while incarcerated that were dismissed for failure to obey a court order after
13 plaintiff failed to amend deficient complaints and was warned that the failure to do so
14 could result in dismissal of the complaints under § 1915. *See Williams v. Warner*, Case
15 No. 3:17-cv-5615-BHS (W.D. Wash.); *Williams v. Gage*, Case No. 3:17-cv-6076-RBL
16 (W.D. Wash.); *Williams v. Cogburn*, Case No. 3:17-cv-6077-BHS (W.D. Wash.). As the
17 Court placed plaintiff on notice that he had failed to state a claim, these dismissals also
18 arguably count as strikes under Ninth Circuit precedent. *See Harris v. Mangum*, 863
19 F.3d 1133, 1142-43 (9th Cir. 2017). The Court notes that Hon. Robert J. Bryan also
20 recently revoked Mr. Williams' IFP status in a separate case because Mr. Williams had
21 incurred three strikes when the case was filed, and he failed to allege he was in

---

[2] The Court notes the Eastern District of Washington has also determined the three cited cases are strikes and has denied plaintiff IFP status. *See Williams v. Holbrook*, Case No. 4:16-cv-5086-SAB (E.D. Wash.).

REPORT AND RECOMMENDATION - 3

imminent danger of serious physical injury. *See Williams v. Sinclair, et al.*, 3:19-cv-5183-RJB (W.D. Wash.).

Plaintiff makes no specific or credible showing that he was in imminent danger of serious physical injury at the time he filed this case. The claims asserted in this action relate primarily to a short period of time in July and August 2018, when plaintiff's water was shut off in retaliation when he began flooding and smearing feces in his cell causing him to become dehydrated and engage in self-harm. The other claims relate to alleged interference with plaintiff's access to legal materials and e-filing and refusal to prescribe medical snacks. None of these allegations demonstrate plaintiff was in imminent danger of serious physical injury at the time he filed this case in May of 2020 or in August 2020 when he filed his amended complaint.

## CONCLUSION

For the above stated reasons, the undersigned finds plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies.

Therefore, the undersigned recommends that plaintiff's motion to proceed *in forma pauperis* (Dkt. 7) be denied, that plaintiff be ordered to pay the $400.00 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted and, if the fee is not paid, that the case be dismissed without prejudice. In light of this, the Court also recommends that plaintiff's motion to "waive requirement for certified prison trust statement" (Dkt. 6), be denied as moot.[3]

---

[3] The Court notes that plaintiff does appear to have filed his prison trust account statement. Dkt. 7 at 3.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 2, 2020**, as noted in the caption.

Dated this 14th day of September, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5